IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAXIM MARCHENKO, | : | Civil No. 1:25-CV-01389 |
| Petitioner, | : | |
| v. | : | |
| J. GREENE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Maxim Marchenko's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that the Bureau of Prisons ("BOP") failed to properly calculate his First Step Act ("FSA") earned time credits ("ETCs") from the date of his sentencing to the date of his arrival at his designated institution. (Doc. 1.) Also pending are Petitioner's motion to expedite and emergency motion to expedite the proceedings. (Docs. 3, 14.) Because Petitioner did not exhaust his administrative remedies, the court will dismiss the petition and deny the pending motions to expedite.

### **BACKGROUND AND PROCEDURAL HISTORY**

On July 17, 2024, Petitioner, who is currently housed at the Federal Correctional Institution Allenwood ("FCI-Allenwood), was sentenced to a 36-month term of imprisonment after pleading guilty to conspiracy to commit money laundering and smuggling goods from the United States in the Federal District

1

Court for the Southern District of New York. *United States v. Marchenko*, No. 7:24-CR-00116-NSR-1, Doc. 36 (S.D. N.Y.)  Petitioner was committed to his designated facility on October 24, 2024.  (Doc. 9-3, p. 3.)[1]  He has a projected release date of December 7, 2025 with ETCs under the FSA.  (*Id.*)

Petitioner filed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 21, 2025.  (Doc. 1.)  The petition was received and docketed by the court on July 28, 2025.  (*Id.*)  Petitioner alleges that the BOP has failed to properly calculate his ETCs under the FSA.  (*Id.*, p. 2.)  He insists that the calculation should be from the date of sentence and not the date of his arrival to the designated facility.  (*Id.*)  Petitioner states that he should be awarded approximately 100 days of ETCs because he participated in programming while awaiting transportation to the designated BOP facility.  (*Id.*, p. 6.)  Petitioner alleges that he filed a request for informal resolution through a BP-8 form, which was denied based on BOP policy.  (*Id.*, p. 2.)  He states that he appealed the denial through filing a BP-9 form for an administrative remedy, but this was denied based on the same BOP policy.  (*Id.*, p. 3.)  He then admits that he did not file further appeals because "further appeal would be futile as the denial based on the official BOP policy." (*Id.*)  Along with the petition, Petitioner filed a motion to expedite the proceedings arguing that his release date should be around September 13, 2025.  (Doc. 3.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

The court ordered the petition to be served on Respondent on August 4, 2025. (Doc. 7.) Respondent filed a response on August 25, 2025. (Doc. 9.) Petitioner filed a traverse on September 9, 2025. (Doc. 12.) He then filed an emergency motion to expedite the proceedings on October 1, 2025. (Doc. 14.) He alleges that, based on his own calculations, he should have been released on September 28, 2025. (*Id.*)

The court will now address the petition and pending motions to expedite.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is housed at FCI-Allenwood in Union County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this court is the proper venue for the action.

## DISCUSSION

Respondent seeks to have the petition dismissed for a failure to exhaust administrative remedies. (Doc. 9, pp. 3–8.)

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a

3

petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762. Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See id*. §

4

542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred."  *See id*. § 542.14(a).  The Warden is to respond to the request within twenty (20) calendar days.  *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."  *See id*. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response."  *See id*.

    Petitioner readily admits that he did not exhaust his administrative remedies, but argues that the court should excuse exhaustion in this instance because the long process would result in his incarceration beyond what the law intended and exhaustion would be futile because he is not challenging the application of BOP policy, but the validity of the policy itself.  (Doc. 12, p. 1.)

    Petitioner's argument that exhaustion would take so long that it would deprive him of the full relief he sought is not persuasive.  Exhaustion is not futile merely because it is unlikely to be completed in the remaining portion of a prisoner's sentence.  *See, e.g., Bortolotti v. Knight*, No. 22-6137, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022).

Petitioner's futility argument also fails. "Courts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *See Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); *see also Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *3–4 (M.D. Pa. Mar. 5, 2019) (concluding that the petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of time"), report and recommendation adopted, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019).

Finally, Petitioner's argument that he is excused from exhaustion based on the fact that he is only challenging the statute–rather than a factual determination by the BOP–is not accurate. First, Petitioner's habeas petition does not make statutory arguments. He is challenging policy, not statute. Second, his claim also depends upon his assertion that he completed requisite programs and activities prior to his arrival at FCI-Allenwood. This is a factual assertion for which a record will need to be developed prior to ruling on a habeas petition in this matter. *See, e.g.*, *Rosario v. Spaulding*, No. 21-1160, 2021 WL 3884343, at *3 (M.D. Pa. Aug.

6

31, 2021) (while exhaustion may be excused for cases solely raising statutory construction issues, this exception does not apply where a petitioner's request for relief also requires a factual determination as to completed programming and the amount of credits earned).

Petitioner did not exhaust his administrative remedies and none of the exceptions to exhaustion apply. Therefore, the court will dismiss the petition. Likewise, the pending motions to expedite will be denied as moot.

## Conclusion

For the reasons set forth above, the petition will be dismissed, the pending motions to expedite will be denied as moot, and the Clerk of Court will be directed to close the case.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: October 14, 2025